Judge Ewing
delivered the opinion of the Court.
Abner Boyd made his last will and testament, containing the following devises and bequests:—
“Igive and bequeath to my wife, Mary Boyd,-during her life, to be at her free will and disposal, my negro men—namely, Fill, Hampton, Have and Tom, and my •” „ , , ’ J negro women—Betty, Miily andAggy, mother of 1 om, to beat her disposal forever. I do also give and bequeath to my said wife, all my houses and lands, all my farming utensils, and apparatus &c. during her life, to beat her free will and disposal; afterwards to be disposed as following &c. viz. Ido give, at my decease, to my nephew, Jacob Torian, my negro men Ralph and Peter, also, my negro woman'Fanny, to be at his disposal forever. I do, also, give and bequeath unto my said nephew (after my wife’s decease,) all my landed property, consistmgof two tracts, each lying and being in Christian • county, containing about three hundred acres, planta- '. , , , , ’ \ , tion measure, be the same more or less, together with my horse, water and saw mill, also my two stills and still house, with all the apparatus and appendages appertaining to stilling, farming &c. together with my dwelling and outhouses, &c. &c. to be at his disposal forever.”
“I do, also, give and bequeath to my niece Catherine Gresham, the sum of seven hundred dollars of the curreney of the state of Kentucky, to be raised out of the estaie, and appropriated to her use and benefit.”
Catherine Gresham having intermarried with Jesse Cameron,she and her husband filed their bill against the other legatees, and Morgan Hopson, who had qualified *550 as administrator, with the will annexed, for her legacy; in which bill they state that said testator, after giving his entire estate, to said J\Iary Boyd and Jacob Torian, made the provision in favor of said Catherine, as before shown in the latter clause of said will. And that he died possessed of money, goods, chattels and slaves, which, after paying his debts, would amount in value to a large sum, to-wit, the sum of three thousand dollars, and that said Hopson, though requested, has refused to pay her legacy.
Croke?s rule for jjgnBtrpmg wills!
A demurrer was filed to the bill; the demurrer sustained, and the bill dismissed, and the case brought to this Court by the complainants.
We are unable to perceive upon what ground the demurrer was sustained—unless it was upon the ground, that the whole estate having been specifically disposed of to his wife and Torian, there was nothing left, out of which the general legacy left to the complainant, Catherine Gresham, could be satisfied.
We readily recognize it as a general rule, that general legacies must yield to specific bequests. But this rule is based upon another invariable and universal rule, that such construction shall be given to a will as will make all its parts stand together, and carry into effect the intention of the testator. It has, therefore, been determined, that when the testator has set apart specific articles of property, to certain legatees, that it was his intention that those legatees should have the articles of property thus assigned and allotted to them, whether the residue of his estate undisposed of, was sufficient to pay the general legacies or not; and that they are not compellable to abate with general legatees, though his estate may be insufficient for the satisfaction of his debts, and the payment of general legacies.
But the rule which assigns to specific legacies this preference, being founded upon the paramount rule of giving effect to the intention of the testatoi-, must yield to it, whenever, from the whole context of the will, it shall appear manifest, that it was the intention of the testator to give a priority and preference to a general legacy.
Croke, Justice, in the case of Merril vs. Nichols, lays down the throe following rules, which he says, being *551 observed, as a key, will open all the doors, in any will.
“Mrst. No will ought to be construed per parcella, but by the entirety.”
“Second. No contrariety or contradiction, ought to be admitted.
“ Third. No negation, nor any thing nugatory, ought to be in a will.”
If these rules be applied, the proper construction to give effect to the intentions of the testator cannot be doubted. It ought not to be so construed as to make the last clause repugnant and contradictory to the previous clauses; that would be to violate the second rule of Croke.
It ought not to be so construed as to render the bequest to the complainant wholly nugatory: that would infringe the third rule. Nor ought it to be so construed as to give full effect to the prior clauses, without reference to the last clause: that would be to construe the will per parcella, and not by the entirety, in derogation of the first rule.
Taking all the will together, and giving a consistent effect to all its provisions, it-cannot be doubted, we think, that it was the intention of the testator, that the general bequest to the complainant was to be paid out of his estate, at all events, and to give to it a preference over the other legacies.
He directs the fund left to the complainant to be raised out of his estate. Out of what estate? Not out of the undisposed of residuum of his estate. There was no residuum. He had previously disposed of the whole of his estate specifically, as charged in the bill. And to say that he intended it to be raised out of an estate, which he had not, would be to ascribe to him a nugatory act, which is not to be admitted.
We think it clear, therefore, that his intention was to give her the legacy left her, and to charge its payment upon the whole estate, which he had, in the previous clauses of the will, specifically disposed of to his wife andTorian. They were to take the property left them, but subject to the charge of the complainant’s legacy upon it. They were to take the valuable property left *552 them, not absolutely and without condition, but dependent on the condition, and charged with the subsequent bequest left to the complainant. Hence he says it is to be paid out of his estate, meaning thereby, his estate before disposed of.
By this construction a rational and consistent effect, can be given to the last clause, and no repugnance produced between it and the previous clauses.
This being the true construction of the will, the legacy to the complainant operates as a charge upon the whole estate previously disposed of, and as the two legatees may have unequal proportions of it, each should contribute to the satisfaction of the complainant’s legacy pro rata, according to the value of the amount left to each.
It is, therefore, decreed, that the decree of the Circuit Court be reversed, and the cause remanded, that further proceedings may be had.